```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


GRANT ALLEN BOYD,              )
         Plaintiff,            )
                               )
         v.                    )    C.A. No. 09-10588-MLW
                               )
NANCY RUE,                     )
         Defendant.            )
```

                       MEMORANDUM AND ORDER

WOLF, D.J.                                      September 27, 2010

On June 22, 2009, plaintiff Grant Allen Boyd ("Boyd") filed an amended complaint making certain claims against defendant Nancy Rue ("Rue"), a former Assistant United States Attorney, in her individual capacity. Rue has moved to dismiss for failure to effect proper service upon her. For the reasons described in this Memorandum, the motion is being denied.

Boyd was required to serve Rue in the manner prescribed by Federal Rule of Civil Procedure 4(e), (f), or (g). See Fed.R.Civ.P. 4(i)(3). A summons as to Rue was issued on July 28, 2009. Boyd had 120 days in which to effect service. See Fed.R.Civ.P. 4(m). This period expired on November 25, 2009.

Boyd is a pro se prisoner proceeding in forma pauperis. Accordingly, he relied upon the United States Marshal Service ("Marshals") to effect service on his behalf. On September 8, 2009, acting under Boyd's direction, the Marshals attempted to serve Rue at the United States Attorney's Office ("USAO") in Boston, where Boyd believed Rue to be employed. See Process Return & Receipt. The

service documents were delivered to, and accepted by, an employee of the USAO. However, Rue's employment there had terminated on March 29, 2008. See Def.'s Mem. in Supp. of Mot. to Dismiss at 1-2. Boyd apparently was not made aware by the Marshals of any possible deficiency in service. See Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 3.

In relevant part, Rule 4(e) provides that an individual defendant within a judicial district of the United States may be served by:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). "When a plaintiff attempts to effect service in the third manner," as here, "the agent served must possess the authority to accept service on behalf of the defendant." Donnelly v. UMass. Corr. Med. Program, C.A. No. 09-11995-RGS, 2010 WL 1924700, at *1 (D. Mass. May 11, 2010) (citation omitted). There is no indication that Rue had authorized any USAO employee to accept service on her behalf. Accordingly, Boyd's attempt to serve Rue on September 8, 2009, was defective, and Boyd failed to effect proper service within the allotted 120 days.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action

>without prejudice against that defendant or order that service be made within a specified time. <u>But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period</u>."

Fed.R.Civ.P. 4(m) (emphasis added). <u>See also</u> <u>Bunn v. Gleason</u>, 250 F.R.D. 86, 88 (D. Mass. 2008) ("a plaintiff may escape dismissal in the face of insufficient service. . . where there is 'good cause for the failure'") (quoting Fed.R.Civ.P. 4(m)). Ordinarily, a plaintiff's "[p]<u>ro</u> <u>se</u> status. . . is not automatically enough to constitute good cause for purposes of Fed. R. Civ. P. 4(m)." <u>McIsaac v. Ford</u>, 193 F. Supp. 2d 382, 383 (D. Mass. 2002). However, the First Circuit has held that a <u>pro</u> <u>se</u> plaintiff proceeding <u>in</u> <u>forma</u> <u>pauperis</u> shows good cause when the Marshals fail to meet their obligations. <u>See</u> <u>Laurence v. Wall</u>, 551 F.3d 92, 94 (1st Cir. 2008). So long as such a plaintiff "provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)." <u>Ruddock v. Reno</u>, 104 F. App'x 204, 206-07 (2d Cir. 2004).

Boyd provided the Marshals with the last work address of Rue known to him. <u>See</u> Process Return & Receipt. That was reasonable. There are restrictions and risks concerning the disclosure of a prosecutor's home address. <u>See</u> 18 U.S.C. §119. It does not appear that Boyd had timely notice that Rue had left the USAO. Under these circumstances, Boyd has demonstrated good cause for failing to effect proper service on Rue in a timely fashion.

The court's conclusion might be different if Boyd had been aware of the Marshals' failure to serve Rue before the 120-day period expired. See, e.g., McGee v. UMass Corr. Health, C.A. No. 09-40120-FDS, 2010 WL 3464282, at *7 (D. Mass. Sept. 1, 2010) (allowing motion to dismiss where Marshals "alerted the plaintiff to the defective service"); Donnelly v. UMASS Corr. Med. Program, C.A. No. 09-11995-RGS, 2010 WL 1924700, at *2 (D. Mass. May 11, 2010) (allowing motion to dismiss where plaintiff did not explain his failure to effect proper service). However, it is not disputed that Boyd was unaware of the Marshals' failure to serve Rue properly until receiving Rue's Motion to Dismiss, at which point he immediately sought to explain the reasons for that failure. See Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 1-4.

As there was good cause for Boyd's failure to effect service on Rue in a timely manner, the court is required to provide him with additional time to serve Rue. See Fed.R.Civ.P. 4(m).

Accordingly, it is hereby ORDERED that:

1. The Defendant's Motion to Dismiss for Failure to Effect Proper Service (Docket No. 17) is DENIED.

2. The period for accomplishing service on Rue is extended to December 1, 2010. The Marshals shall, as directed by Boyd, make reasonable efforts to locate and serve Rue, and shall file, by December 1, 2010, either a Return of Service or a statement of what efforts they have made to locate and serve Rue.

```
                              /s/ Mark L. Wolf
                         UNITED STATES DISTRICT JUDGE
```