```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

GRANT ALLEN BOYD,               )
        Plaintiff,              )
                                )
        v.                      )   C.A. No. 09-10588-MLW
                                )
NANCY RUE,                      )
        Defendant.              )
```

                          MEMORANDUM AND ORDER

WOLF, D.J.                                           August 10, 2011

I.   INTRODUCTION

    Pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), pro se plaintiff Grant Allen Boyd, who is incarcerated, has filed this action against defendant Nancy Rue, a former Assistant United States Attorney ("AUSA") for the District of Massachusetts, in her individual capacity. Boyd alleges that Rue interfered with his constitutional rights by retaliating against him for seeking judicial redress against the United States Marshal Service ("USMS"). On December 13, 2010, Rue filed a motion to dismiss Boyd's Amended Complaint on the grounds that Boyd's Bivens claim is barred by the statute of limitations, was never administratively exhausted, and is implausible. Because Rue is correct that Boyd's claim is time-barred, her motion is being allowed, and the Amended Complaint is being dismissed.

II.  PROCEDURAL BACKGROUND

    On February 17, 2005, Boyd was indicted on one count of possession of methamphetamine with intent to distribute, in

violation of 21 U.S.C. §841(a)(1). A superseding indictment, filed on March 9, 2006, added one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §846, and one count of conspiracy to launder money, in violation of 18 U.S.C. §1956(h). One of the prosecutors in Boyd's criminal case was Rue. Pursuant to a plea agreement, Boyd pled guilty on December 7, 2006, and was sentenced on December 11, 2007, to 20 years imprisonment by Judge George A. O'Toole.

However, on March 16, 2005, before pleading guilty in his criminal case, Boyd filed a civil case in Plymouth Superior Court against the USMS, the Plymouth County Sheriff's Department, and several officials of the Massachusetts Department of Corrections ("MDOC"), complaining about the conditions of his pretrial confinement. The civil case was removed to federal court on April 28, 2005, and assigned to Judge Rya W. Zobel. AUSA Eugenia M. Carris represented the USMS, which was dismissed as a defendant on March 3, 2006. On November 9, 2006, Boyd moved to amend his complaint by adding Rue as a defendant but voluntarily withdrew that motion on November 27, 2006. Having dismissed the other defendants, Judge Zobel then entered a final judgment against Boyd on December 18, 2006.

On March 4, 2009, Boyd filed a motion with Judge Zobel to reopen or refile his withdrawn complaint against Rue. In that motion, Boyd advanced substantially the same Bivens claim now

before this court, as well as a now-abandoned claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2671-2680.[1] On April 8, 2009, Judge Zobel denied Boyd's motion to reopen his civil case but directed the clerk of the court to open a new civil case on Boyd's behalf.

The new civil case was randomly assigned to this court on April 13, 2009, and Boyd filed an Amended Complaint on June 22, 2009.

III. FACTUAL ALLEGATIONS

Boyd alleges that, during the pendency of his criminal case, Rue retaliated against him for filing a civil case in which the USMS was named as a defendant. Specifically, Boyd alleges that, on June 27, 2005, Rue arranged for Boyd to be transferred from MCI-Cedar Junction, where he was being held in pretrial confinement, to the federal courthouse in Boston, Massachusetts, where he was placed in a holding cell for approximately 10 hours before being returned to MCI-Cedar Junction (the "2005 Transfer"). See Am. Compl. ¶9. Boyd alleges that the 2005 Transfer was retaliatory and served no legitimate purpose. See id. ¶10. He describes the 2005

---

[1] In his opposition to Rue's motion to dismiss in this case, Boyd states: "Contrary to Defendant's mischaracterization, this is NOT an FTCA action & NOT a Prison Conditions Complaint; the only surviving action is a Bivens against a Federal Prosecutor for misconduct occurring outside the prosecution." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1 (Docket No. 38). Accordingly, the court is not construing the Amended Complaint to state an FTCA claim.

3

Transfer as "retaliation via diesel therapy." Id. He also notes that June 27, 2005, was the day that Carris filed the government's motion to dismiss the USMS as a defendant in Boyd's civil case, and he states that "[t]he nexus between Carris' motion to dismiss and the June 27, 2005 retaliatory transfer was clear . . . ." Id.

Boyd alleges that he did not learn until November 2, 2006, that Rue had authorized the 2005 Transfer. See id. ¶11; Opp'n to Mot. to Dismiss at 7. He had previously assumed the USMS to be responsible. See Am. Compl. ¶10.

IV. DISCUSSION

"While Congress has not established a limitations period for Bivens claims, 'courts generally have applied state statutes of limitations to Bivens actions notwithstanding the fact that such actions lie only against federal officers.'" Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 38 (1st Cir. 2006) (quoting Rossiter v. Potter, 357 F.3d 26, 34 n.7 (1st Cir. 2004)). The Massachusetts statute of limitations for civil rights actions is three years. See Mass. Gen. Laws. ch. 260, §5B.

This three-year limitations period commences upon the accrual of a plaintiff's claim. "While state law establishes the statute of limitations for Bivens claims, 'the question of when a cause of action accrues in a civil rights case is a matter of federal law.'" Barrett, 462 F.3d at 38 (quoting Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001)). "'Under federal law, the statute of

4

limitations on a <u>Bivens</u> claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'" <u>Id.</u> at 38-39 (quoting <u>Van Tu v. Koster</u>, 364 F.3d 1196, 1199 (10th Cir. 2004)). A claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim, but conclusive knowledge is not necessary. <u>See id.</u> at 39.

Boyd filed the Complaint in this case on April 13, 2009. Accordingly, if Boyd knew of the existence and cause of his alleged injury - the 2005 Transfer - before April 13, 2006, his constitutional claim is time-barred and must be dismissed.

The existence of Boyd's injury was known to him on June 27, 2005. That much is undisputed. What <u>is</u> disputed is when Boyd knew the cause of his injury, or, stated differently, whether the limitations period commenced on June 27, 2005, when Boyd knew that <u>some</u> government agent had injured him, or on November 2, 2006, when he knew the particular government agent who had injured him.

This dispute is resolved by <u>Barrett</u>, in which the First Circuit explained that, in a <u>Bivens</u> action, "[a]ccrual is based on a plaintiff's knowledge of facts sufficient to give rise to a belief that the government - not any particular agency of the government - caused the injury." <u>Id.</u> at 40. Accordingly, because Boyd knew on June 25, 2007, of sufficient facts to give rise to the belief that the government had caused his injury, his claim accrued

5

on that date, notwithstanding that he then attributed the particular cause of his injury to the USMS, rather than Rue. As a result, the limitations period in this case expired on June 27, 2008 - more than 8 months before Boyd filed a motion with Judge Zobel to reopen or refile his withdrawn complaint against Rue, and more than 9 months before the Complaint was filed in this case.[2] Boyd's claim must, therefore, be dismissed as time-barred.

V.   ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss (Docket No. 34) is ALLOWED.

2. This case is DISMISSED.

/s/ Mark L. Wolf<br>
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Judge Zobel's April 8, 2009 decision to permit Boyd to file a new civil case represents the view that he was not then beyond the statute of limitations, as Boyd contends, this court respectfully disagrees.