```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

GRANT ALLEN BOYD,              )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 09-10588-MLW
                               )
NANCY RUE,                     )
          Defendant.           )

                    MEMORANDUM AND ORDER

WOLF, D.J.                                      August 25, 2011

In an August 10, 2011 Memorandum and Order, the court dismissed this case on statute of limitations grounds. Judgment entered on August 11, 2011. On August 22, 2011, plaintiff moved for reconsideration of the order of dismissal, contending that the court erred in concluding that his claim was time-barred. Specifically, plaintiff contends that his claim, which was brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), accrued on November 2, 2006, when he discovered the particular government agent who injured him and not on June 27, 2005, when he discovered that some government agent had injured him. This is the same contention that plaintiff made in opposing dismissal.

Because plaintiff's motion for reconsideration was filed within twenty-eight days of the entry of judgment, it arises under Federal Rule of Civil Procedure 59(e). See In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987) ("Notwithstanding that [plaintiff] did not denominate any particular rule as the springboard for [his] reconsideration motion, it is settled in this circuit that a motion

which asked the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)."). "Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence." Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007); see also Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005).

Here, plaintiff has not shown either the existence of a manifest error of law or the discovery of new evidence. As explained in the August 10, 2010 Memorandum and Order, plaintiff's Bivens claim was subject to a three-year statute of limitations. See Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 38 (1st Cir. 2006). The statute of limitations began running on June 27, 2005, when Boyd discovered sufficient facts to give rise to the belief that some government agent had caused his injury, not on November 2, 2006, when Boyd discovered the particular government agent who had injured him. See id. at 40 ("Accrual is based on a plaintiff's knowledge of facts sufficient to give rise to a belief that the government - not any particular agency of the government - caused the injury."). The complaint in this case was filed on April 13, 2009 - more than three years after plaintiff's claim accrued on June 27, 2005. As such, it was untimely, and it was not a manifest error of law to dismiss this case as time-barred.

Accordingly, it is hereby ORDERED that plaintiff's Motion to Reconsider Order Dismissing Action (Docket No. 44) is DENIED.

<pre>
                              /s/ Mark L. Wolf
                         UNITED STATES DISTRICT JUDGE
</pre>